**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DISTRICT**
**C.A. No.: 5:19-cv-153**

DIANE SKINDER,

        Plaintiff,

    vs.

FEDERAL EXPRESS LONG TERM DISABILITY PLAN,

        Defendant.

_____

# COMPLAINT

### Preliminary Statement

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(a)(1)(B) to seek entitlement and payment of long term disability benefits under a self-funded long term disability policy issued by the Federal Express Long Term Disability Plan.

### Parties

1.     At all times relevant to the litigation, Plaintiff was a citizen and resident of Mooresville, North Carolina which is in Iredell County.

2.     Defendant is a self-funded benefit plan organized and existing pursuant to 29 U.S.C.S. § 1132. Upon information and belief, Defendant is an employee benefit plan providing benefits for the employees of Federal Express Long Term Disability Plan.

### Jurisdiction and Venue

3.     In this matter, Plaintiff seeks long term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B). This Court has jurisdiction to hear this matter based upon

Case 5:19-cv-00153-KDB-DCK    Document 1    Filed 11/20/19    Page 1 of 3

a federal question. Defendant is subject to jurisdiction in this court because it has more than

minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

4.      Venue in the Western District of North Carolina is appropriate by virtue of

Plaintiff's residence and Defendant's presence and doing business in this District.

## Factual Allegations

5.      Until June 2002, Plaintiff was employed with Federal Express Corporation and as

an employee of Federal Express Corporation, Plaintiff was provided a long term disability

coverage via a plan which was fully funded by Federal Express.

6.      Plaintiff became disabled because of certain problems from which she suffered.

Plaintiff was forced to cease working and she filed a claim for long term disability benefits.

7.      Defendant paid Plaintiff benefits through September 30, 2018. Defendant, by and

through its administrator, Aetna, denied Plaintiff's benefits effective October 1, 2018.  Plaintiff

appealed the denial and fully exhausted administrative remedies, but Defendant has failed and

refused to provide additional benefits.

## For a First Cause of Action
## For Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)

8.      Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set

forth herein.

9.      Plaintiff respectfully requests that this Court consider the administrative record

compiled in this case and any other evidence relevant to any factors discussed by *Champion v.*

*Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of

review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits

which she seeks under the terms of the plan.  In the event that the Court reviews the record

and/or other relevant information and determines that the Defendant abused its discretion or that

its decision is not supported by the record, but that the substance of the record might not support

Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a

finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair"

review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part

of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and

costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays

for a declaration of entitlement to the long term disability benefits she seeks pursuant to 29

U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other

and further relief as this Court deems just and proper, including pre-judgment interest on all

benefits due from the point at which benefits were payable through the time of judgment.


s/ M. Leila Louzri
M. Leila Louzri, Esq.
North Carolina Bar #: 48743
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, South Carolina 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: llouzri@fosterfoster.com

Date: <u>November 20, 2019</u>                    Attorneys for Plaintiff