IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00153-KDB-DCK

| | |
|---|---|
| **DIANE SKINDER,** | |
| Plaintiffs, | |
| v. | **ORDER** |
| **FEDERAL EXPRESS LONG TERM DISABILITY PLAN,** | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendant's Motion to Modify Administrative Record (Doc. No. 24) and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 22). The Court has carefully considered these motions and the parties' briefs and exhibits and this matter is ripe for decision. In this action, Plaintiff seeks benefits under an ERISA plan (the "Plan") and now seeks partial summary judgment on the issue of the Court's standard of review of the Plan's denial of benefits (specifically, whether the review should be *de novo* or an "arbitrary and capricious" standard). By its motion to modify the Administrative Record, Defendant seeks to supplement the record to include documents related to a 2008 "Second Amendment" to the Plan which it contends are relevant to the Court's standard of review.

There is no dispute that the additional documents sought to be included in the Administrative Record are authentic and are part of the Plan, even though they were not initially included in the filed Administrative Record. Defendant represents to the Court that it inadvertently failed to include the "Second Amendment" documents in the Administrative Record because it filed the Plan as it existed when Plaintiff began receiving benefits under the Plan in 2002 rather

1

than as of 2019, when Plaintiff's unsuccessful appeal of the denial of benefits that is at issue occurred. There is no evidence that Defendant acted in bad faith, intentionally delayed disclosing the amendment or otherwise engaged in improper litigation conduct.  Further, the Court finds that Plaintiff will not suffer any *unfair* prejudice in allowing the full contents of the Plan to be filed, even though she might of course benefit if only the portion of the Plan currently on file is considered.

Accordingly, in light of the strong preference that all claims and defenses be "disposed of on their merits," *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), rather than based on procedural faults or excusable litigation missteps, the Court will exercise its discretion and **GRANT** Defendant's motion. Also, the Court will **DENY** Plaintiff's motion without prejudice to her opportunity to raise the issue of the standard of review in a future dispositive motion if it is not resolved by the inclusion of the documents which the Court has now permitted to be included in the Administrative Record.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Modify Administrative Record (Doc. No. 24) is **GRANTED;**

2. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 22) is **DENIED** without prejudice; and

3. This case shall proceed towards a decision on the merits of the Plaintiff's claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 16, 2020

Kenneth D. Bell
United States District Judge